UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX CASTANEDA,<br><br>    Plaintiff,<br><br>        v.<br><br>ARDAGH GLASS INC.,<br><br>    Defendant. | Case No. 23-cv-03547-HSG<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 18, 19 |

Before the Court is Plaintiff's motion to remand and Defendant's partial motion to dismiss. Dkt. Nos. 18, 19. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court DENIES Plaintiff's motion to remand and GRANTS Defendant's motion to dismiss.[1]

## I.  BACKGROUND

Plaintiff Alex Castaneda was employed by Defendant Aradgh Glass. Compl. ¶ 10. Plaintiff alleges that Defendant failed to provide him and other similarly situated employees "all overtime and double-time and the proper regular rate of pay," "uninterrupted, off-duty meal periods," nor "uninterrupted, on-the-clock rest period[s]." *Id*. at ¶ 28–37. Plaintiff filed a putative class action complaint in Alameda Superior Court against Defendant. Dkt. No. 1. Plaintiff alleges the following causes of action: (1) failure to pay minimum wages (violation of California Labor

---

[1] Defendant submitted a request for judicial notice of several CBAs. *See* Dkt. No. 20. The Court finds that the CBAs are "not subject to reasonable dispute" because they contain facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court thus takes judicial notice of the content of the CBAs.

Defendant also requests judicial notice of a United States Bureau of Labor Statistics online publication which provides consumer expenditure information. *See* Dkt. No. 22. The Court takes judicial notice of this "undisputed and publicly available information displayed on government websites." *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018).

United States District Court
Northern District of California

1  Code §§ 1194, 1193.2l and 1197); (2) failure to pay overtime wages (violation of California Labor

2  Code §§ 510, 1194, and 1198); (3) failure to provide meal periods (violation of California Labor

3  Code §§ 226.7 and 512); (4) failure to permit rest breaks (violation of California Labor Code §

4  226.7); (5) failure to provide accurate itemized wage statements (violation of California Labor

5  Code § 226); (6) failure to reimburse business expenses (violation of California Labor Code §§

6  2800 and 2802); and (7) Violation of California Business and Professions Code (California Labor

7  Code § 17200).  Compl. ¶¶ 38–89.

8  Defendant removed the case to this Court.  Dkt. No. 1.  Plaintiff filed a motion to remand,
9  Dkt. No. 18, and Defendant filed a partial motion to dismiss, Dkt. No. 19.

10  **II.     MOTION TO REMAND**

11  **A.     Legal Standard for Section 301 Preemption**

12  "Except as otherwise expressly provided by Act of Congress, any civil action brought in a
13  State court of which the district courts of the United States have original jurisdiction, may be
14  removed" to federal court.  28 U.S.C. § 1441(a).  Under § 301 of the Labor Management Relations
15  Act (LMRA), "[s]uits for violation of contracts between an employer and a labor organization . . .
16  may be brought in any district court of the United States."  29 U.S.C. § 185(a).  As explained by
17  the Ninth Circuit, the Supreme Court has interpreted the LMRA to authorize federal courts "to
18  create a uniform body of federal common law to adjudicate disputes that arise out of labor
19  contracts."  *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019) (citations omitted).
20  "A state rule that purports to define the meaning or scope of a term in a contract suit therefore is
21  pre-empted by federal labor law."  *Id*. at 1152 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S.
22  202, 210 (1985)).  Although federal preemption is a defense that does not generally authorize
23  removal to federal court, the Supreme Court has held that § 301 has such "extraordinary pre-
24  emptive power" that it "converts an ordinary state common law complaint into one stating a
25  federal claim for purposes of the well-pleaded complaint rule."  *Metro. Life Ins. v. Taylor*, 481
26  U.S. 58, 65 (1987).

27  However, § 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on
28  individual employees as a matter of state law."  *Curtis*, 913 F.3d at 1152 (*quoting Livadas v.*

2

*Bradshaw*, 512 U.S. 107, 123 (1994)). Further, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301 or other provisions of federal labor law." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (quoting *Lueck*, 471 U.S. at 211). Claims which have no relationship to a collective-bargaining agreement "beyond the fact that they are asserted by an individual covered by such an agreement are simply not pre-empted by § 301." *Id*. (citation and quotations omitted).

The Ninth Circuit has employed a two-step test to ensure that § 301 preemption "extends only as far as necessary to protect the role of labor arbitration in resolving CBA disputes." *Curtis*, 913 F.3d at 1153 (citation and quotations omitted). First, the court asks whether the asserted cause of action involves a "right [that] exists solely as a result of the CBA." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). "If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Id*. (citing *Lueck*, 471 U.S. at 210). If not, the court proceeds to the second step and asks "'whether a plaintiff's state law right is substantially dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (citations and quotations omitted and alterations in original). "Interpretation" is construed narrowly in this context. *Id*. If claims are dependent on interpretation of the CBA, then the claim is preempted by § 301; if not, the claim may proceed under state law. *Burnside*, 491 F.3d at 1059–60.

**B.  Discussion**

Plaintiff argues that this case should be remanded because Defendant has failed to establish federal subject matter jurisdiction or diversity jurisdiction. In response, Defendant argues that (1) the Court has subject matter jurisdiction because Plaintiff's claims are preempted by the LMRA; and (2) Defendant has established diversity jurisdiction under CAFA because the amount in controversy exceeds $5 million.

**i.  LMRA Preemption**

Defendant contends that Plaintiff's Second, Fifth, and Seventh causes of action – for failure to pay overtime wages under California law – "are premised on a California Labor Code provision (section 510) that expressly does not apply to Plaintiff because the requirements of

3

California Labor Code section 514 ("Section 514") are met." Opp. at 7. Defendant argues that "Plaintiff's claim for overtime only exists because of the terms of the applicable CBAs and not state law, which renders his claim preempted by Section 301 of the LMRA." *Id*. (quoting *Curtis*, 913 F.3d at 1154). In response, Plaintiff argues that *Curtis* is inapplicable because in that case, plaintiff "conceded the applicability of the CBAs," while here "Plaintiff disputes that any CBA applies to his overtime claims, which are alleged solely under state law and [] are pled without any implication of, or reliance on, the CBA." Reply at 3–4. Further, Plaintiff contends that no alternative workweek schedule exists under any of the CBAs, such that Section 514 does not apply. Finally, Plaintiff argues that his overtime claims are not only alleged under Labor Code § 510, but also §§ 1194 and 1198, which provide a separate private right of action for overtime violations that is not exempted by Labor Code § 514.

California Labor Code Section § 510(a) requires an employer to pay the following overtime rates:

> (a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following:
>
> (1) An alternative workweek schedule adopted pursuant to Section 511.
> (2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.
> (3) An alternative workweek schedule to which this chapter is inapplicable pursuant to

Cal. Lab. Code § 510(a). Concurrently, Section 514 precludes application of Section 510 if a CBA "expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum

4

1 wage." Labor Code § 514.

2 *Curtis* controls the resolution of the parties' dispute on this point. In *Curtis*, the Ninth
3 Circuit held that overtime claims under California Labor Code § 510 are controlled by the CBA if
4 the CBA satisfies the requirements of California Labor Code § 514. *Curtis*, 913 F.3d at 1155.
5 Based on the language in §§ 510 and 514, the Ninth Circuit held that where a CBA meets the
6 requirements of § 514, a plaintiff's § 510 claim for overtime is "controlled" by the CBA and
7 therefore preempted by § 301 of the LMRA. *Id*.

8 Under *Curtis*, the Court must determine whether the applicable CBAs satisfy the
9 requirements of § 514. The applicable CBAs are: (1) the April 1, 2022 CBA for mold making
10 workers, Evans Decl., Ex. 1; (2) the April 1, 2022 CBA for automatic machine workers, Evans
11 Decl., Ex. 2; (3) the September 1, 2022 CBA for mold making workers, Evans Decl., Ex. 3; (4) the
12 April 1, 2019 CBA for production and maintenance workers, Evans Decl., Ex. 4; (5) the April 1,
13 2019 CBA for automatic machine workers, Evans Decl., Ex. 5; (6) the September 1, 2019 CBA
14 for mold making workers, Evans Decl., Ex. 6; (7) the April 1, 2016 CBA for production and
15 maintenance workers, Evans Decl., Ex. 7; (8) the April 1, 2016 CBA for automatic machine
16 Workers, Evans Decl., Ex. 8; and (9) the September 1, 2016 CBA for mold making workers,
17 Evans Decl., Ex. 9. Evans Decl. ¶¶ 4–12.

18 Having reviewed the CBAs and Defendant's declarations, the Court finds that the CBAs
19 satisfy the requirements of § 514. First, the CBAs provide for wages, hours of work, and working
20 conditions. *See* Ex. 4 (Article 6 specifying the conditions of employment, including, hiring,
21 releasing, quitting, and discharging and discipline; Article 11 specifying that forty hours shall
22 constitute a normal work week and that eight hours shall constitute a normal workday, and
23 delineating the scope and definition of overtime hours; Article 31 specifying health and safety
24 conditions; Article 43 specifying wage rate increases). The CBAs also provide for premium rates
25 for overtime work. *See id*. at Article 11 (specifying that premium rates will apply to overtime
26 work, in that "[t]ime and one-half shall be paid after eight (8) hours in any day or forty (40) hours
27 in any one (1) week" and [d]ouble time will also be paid for all hours worked over twelve (12)
28 hours during any twenty-four (24) hour period"). Finally, the CBAs provide a regular hourly rate

1    of pay of at least 30 percent higher than California's minimum wage.  *See id.* at Schedule A
2    (setting pay ray rates no lower than $21.60); *see* California Labor Code § 1182.12 (setting a
3    minimum wage of $10 per hour on or after January 1, 2016, and scheduled annual increases up to
4    $15 per hour on or after January 1, 2023).

5      Plaintiff does not challenge the substance of the CBAs, but instead argues that *Curtis* is
6    distinguishable because he "disputes that any CBA applies to his overtime claims, which are
7    alleged solely under state law and [] are pled 'without any implication of, or reliance on, the
8    CBA.'"  Reply at 3–4.  But Plaintiff does not (and apparently cannot) offer any factual basis to
9    contest that his employment is governed by the CBAs, so the absence of an express concession is
10   of no consequence.  *See Franco v. E-3 Sys.*, No. 19-cv-01453-HSG, 2019 WL 6358947, at *4
11   (N.D. Cal. Nov. 8, 2019).  Accordingly, the Court finds that Defendant has met its burden of
12   proving that the CBAs here satisfy the requirements of Section 514.

13     Plaintiff also argues that Section 514 does not apply here because he did not work an
14   alternative workweek schedule.  Reply at 4.  To support this proposition, Plaintiff argues that the
15   *Curtis* court found the plaintiff's overtime claims preempted because the CBA there contained an
16   alternative workweek schedule, and contends that because no such schedule exists here, his claims
17   are not preempted.  The Court disagrees. The *Curtis* court did not condition the applicability of
18   Section 514 to overtime claims on the inclusion of an alternative workweek provision.  Instead,
19   *Curtis* straightforwardly held that "if a CBA satisfies the requirements of section 514, the
20   requirements of section 510(a) 'do not apply.'"  *Curtis*, 913 F.3d at 1154.  The great majority of
21   district courts in this circuit have held that Section 514's exemption operates independently from
22   the alternative work week exemption in Section 510(a)(2), and this Court agrees.  *See Johnson v.*
23   *San Francisco Health Care and Rehab Inc.*, No. 22-cv-01982-JSC, 2022 WL 2789809, at *3
24   (N.D. Cal. July 15, 2022) ("Section 514 's exemption operates independently from the exemption
25   in § 510(a)(2)"); *Loaiza v. Kinkisharyo Int'l, LLC*, No. LA CV19-07662JAK, 2020 WL 5913282,
26   at *4 (C.D. Cal. Oct. 6, 2020) (finding that there is no alternative workweek schedule requirement
27   for preemption); *Cathcart v. Sara Lee Corp.*, 2011 WL 5981849, at *7 (N.D. Cal. Nov. 30, 2011)
28   (interpreting text and legislative history to find that "§ 510(a)(2) does not limit the applicability of

1  the exemption set forth in § 514").[2]

2  Finally, Plaintiff argues that his overtime claims are alleged not only under Labor Code § 510, but also under §§ 1194 and 1198, which provide a separate private right of action for overtime violations that is not exempted by Labor Code § 514. However, the Court concludes that a CBA that fulfills the requirements of § 514 also preempts overtime claims based on §§ 510, 1194 and 1198. *See Jimenez v. Young's Market Co., LLC*, No. 21-cv-02410-EMC, 2021 WL 5999082, at *10 (N.D. Cal. December 20, 2021) (collecting cases finding preemption of overtime claims under the LMRA because § 514 also applies to claims based on §§ 1194 and 1198).

Because Section 514 applies, Plaintiff's overtime claims are preempted by Section 301 of the LMRA.[3]

### ii. Supplemental Jurisdiction

Plaintiff's remaining claims under California law arise from the same working conditions and relationship with Defendant during the same period as Plaintiff's overtime claim. *See* Compl. ¶¶ 38–89 (failure to pay minimum wages, failure to provide meal and rest breaks, and failure to reimburse all business expenses.). Therefore, the Court finds that the claims derive from a "common nucleus of operative fact" and asserts supplemental jurisdiction over the remaining claims. *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." (citation and quotations omitted)).

---

[2] Plaintiff relies on *Flournoy v. Watts Healthcare Corp.*, No. 2:20-CV-06607-RGK-SK, 2020 WL 5960686 (C.D. Cal. Oct. 6, 2020), the only case that this Court has found that supports his argument. The Court respectfully disagrees with *Flournoy*'s holding and agrees with those courts that have found no "alternative workweek" limitation.

[3] Plaintiff also argues that remand is proper because Defendant has failed to meet the minimum amount in controversy requirement for Class Action Fairness Act (CAFA) jurisdiction. *See* Mot. at 12. The Court does not reach this issue because subject matter jurisdiction exists under the LMRA. *Cf. Morand-Doxzon v. Delaware N. Comp. Sportservice, Inc.*, No.20-cv-1258-DMS, 2020 WL 6391194, at *1 & n.1 (S.D. Cal. November 2, 2020) ("The Court need not address the parties' argument as to whether there is federal question jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because the Court finds it has subject matter jurisdiction over this action under CAFA.").

1    Accordingly, Plaintiff's motion to remand is DENIED.

## III.  MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's Second, Fifth, and Seventh Causes of Action.

### A.  Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### B.  Discussion

Defendant contends that Plaintiff's Second, Fifth, and Seventh Causes of Actions are preempted by Section 301 of the LMRA. This argument largely tracks Defendant's argument in its opposition to Plaintiff's motion to remand.

As discussed at length above, Defendant is correct that Plaintiff's overtime claims are preempted by Section 301 of the LMRA, notwithstanding Plaintiff's insistence that he only asserts "state law claims." And given the Court's conclusion that the overtime claims are preempted by federal law, those claims are dismissed. *See Lueck,* 471 U.S. at 220 ("When resolution of a state-

8

law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as preempted by federal labor contract law."); *Granite Rock Co. v. Int'l Brotherhood of Teamsters*, CV. No. 10-3718-JW, 2010 WL 11703352, at *5 (N.D. Cal. November 3, 2010) (denying plaintiff's motion to remand because state law claim was preempted by the LMRA and granting defendant's motion to dismiss that claim because it was "completely preempted by Section 301 and hence subject to dismissal").[4] Accordingly, Plaintiff's overtime claims are DISMISSED.

## IV.   CONCLUSION

The Court **DENIES** Plaintiff's motion to remand.  *See* Dkt. No.18.  The Court **GRANTS** Defendant's motion to dismiss.  *See* Dkt. No. 19.  Because amendment would be futile, Plaintiff's Second Cause of Action is DISMISSED in its entirety without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  Plaintiff's Fifth and Seventh Causes of Action are DISMISSED to the extent those claims are derivative of the Second Cause of Action.

The Court **SETS** a telephonic case management conference for February 27, 2024 at 2:00pm.  The Court further **DIRECTS** the parties to submit a joint case management statement by February 20, 2024.  All counsel shall use the following dial-in information to access the call:

Dial-in: 888-808-6929

Passcode: 6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  All attorneys appearing for a telephonic case management

---

[4] Defendant argues that Plaintiff's Fifth Cause of Action for failure to provide accurate itemized wage statements and Seventh Cause of Action for violations of California Business and Professions Code § 17200, et seq., are derivative of the alleged failure to pay overtime asserted in Plaintiff's Second Cause of Action. Dkt. 19 at 17.  In the Fifth Cause of Action, among other things, Plaintiff alleges that Defendant "confusingly broke out overtime and double time," thus causing injury, and in the Seventh Cause of Action alleges Defendant's "fail[ure] to pay all overtime wages" was a violation of 17200.  Both causes of action, at least in part, derive from Plaintiff's Second Cause of Action for failure to pay overtime wages.  Accordingly, to the extent the Fifth and Seventh Causes of action are derivative of the preempted overtime claim, those claims too are preempted.  *See Giles v. Canus Corp.*, 2022 WL 3370793, at *6 (N.D. Cal. Aug. 16, 2022) ("As discussed above, Giles's minimum wage, overtime, and meal period claims are preempted by the LMRA; consequently, to the extent his wage statement, waiting time, wrongful termination, and UCL claims are derivative thereof, those claims likewise are preempted by the LMRA.")

conference are required to dial in at least 15 minutes before the hearing to check in with the CRD.

**IT IS SO ORDERED.**

Dated: 2/13/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge