Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
Melissa M. Kurata (State Bar No. 285388)
Melissa@lebelaw.com
Brielle D. Edborg (State Bar No. 347579)
Brielle@lebelaw.com
**Lebe Law, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021
Telephone: (213) 444-1973

Attorneys for Plaintiff Alex Castaneda,
individually and on behalf of all others similarly situated


Sabrina L. Shadi, SBN 205405
Nicholas D. Poper, SBN 293900
Matthew J. Goodman, SBN 316286
BAKER & HOSTETLER LLP
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:   310.820.8800
Facsimile:   310.820.8859
Emails:       sshadi@bakerlaw.com
              npoper@bakerlaw.com
              mgoodman@bakerlaw.com

Attorneys for Defendant Ardagh Glass, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re ARDAGH GLASS<br><br>This Document Relates to:<br>ALL ACTIONS | Case No. 4:23-cv-03547-HSG<br><br>**TOLLING AGREEMENT; JOINT STIPULATION TO CONTINUE DEFENDANT'S RESPONSIVE PLEADING DEADLINE; AND ORDER**<br><br>Current Response Date: June 4, 2024<br>New Response Date: November 8, 2024<br>Complaint Served: May 21, 2024 |

1

**TOLLING AGREEMENT AND STIPULATION TO CONTINUE DEFENDANT'S**
**RESPONSIVE PLEADING DEADLINE**

This agreement is entered into between Alex Castaneda ("Plaintiff"), individually and on behalf of all others similarly situated, and Ardagh Glass, Inc. ("Defendant" and collectively, the "Parties"), by and through their respective attorneys of record, effective June 4, 2024 (the "Effective Date"), as follows:

## RECITALS

A.   WHEREAS, Plaintiff filed a class action complaint on June 9, 2023 in the Superior Court of California for the County of Alameda asserting claims under the California Labor Code (the "Class Action");

B.   WHEREAS, Defendant removed the Class Action to this Court on July 17, 2023;

C.   WHEREAS, Plaintiff filed a Private Attorneys General Act ("PAGA") Action in the Superior Court of California for the County of Alameda on August 28, 2023 (the "Action");

D.   WHEREAS, Defendant removed the PAGA Action this Court on November 13, 2023;

E.   WHEREAS, this Court ordered the two actions related December 5, 2023;

F.   WHEREAS, on March 27, 2024, pursuant to a joint stipulation entered into by the Parties and granted by the Court, Plaintiff filed a First Amended Collective and Class Action Complaint in the Action dismissing Plaintiff's overtime claim and all claims derivative of the overtime claim, and adding Plaintiff's class claims, a representative PAGA claim, and a nationwide collective action claim under the Fair Labor Standards Act ("FLSA");

G.   WHEREAS, on May 21, 2024, the Court granted Plaintiff leave to file the First Amended Collective and Class Action Complaint, which was deemed filed and served on May 21, 2024;

H.   WHEREAS, Defendant's response deadline to Plaintiff's First

**TOLLING AGREEMENT AND STIPULATION TO CONTINUE DEFENDANT'S RESPONSIVE PLEADING DEADLINE**

Amended Collective and Class Action Complaint is currently December 4, 2024 pursuant to Federal Rule of Civil Procedure 15(a)(3);

I. WHEREAS, the Parties are attending mediation on October 8, 2024 with experienced wage and hour meditator Steven J. Serratore and have agreed to toll the statute of limitations on the FLSA claims and continue Defendant's responsive pleading deadline until one month after mediation occurs—i.e., November 8, 2024.

THEREFORE, the Parties desire to enter into this Agreement toll the statute of limitations as to the FLSA claims asserted in the Action from the Effective Date until November 8, 2024.

**TOLLING AGREEMENT**

In consideration of the mutual promises and covenants made in this Agreement and other valuable consideration, receipt of which is acknowledged, the Parties agree as follows:

1. The Parties agree to toll all statutes of limitations, statutes of repose, equitable defenses of laches, and all other time-related bars and defenses (collectively, the "Time Defenses") that may apply to the FLSA claims asserted in the Action, individually and/or on behalf of any putative collective members as defined in that Action. The Time Defenses shall be tolled from June 4, 2024 through November 8, 2024 (the "Tolling Period"), unless extended by both Parties in writing. The Parties agree that the Tolling Period shall not be included in computing the time for commencing any actions or lawsuits, asserting any claims, or determining the applicability or validity of any Time Defenses.

2. The Parties also agree to continue Defendant's responsive pleading deadline until the expiration of the Tolling Period—i.e., November 8, 2024. Pursuant to Civil Local Rule 6-1(a), the extension requested herein is immediately effective as it does not alter any deadlines or hearings currently set by the Court.

3. Notwithstanding this Agreement, no Party is waiving any Time Defense that is or may be based on the expiration of time before the Effective Date or after the expiration of the Tolling Period. This Agreement shall not revive any actions, claims, or defenses that were time-barred before the Effective Date.

4. The Parties agree that all other rights and defenses that may be asserted by the Parties in this litigation are expressly reserved pending the expiration of the Tolling Period on November 8, 2024.

5. Nothing in this Agreement shall be construed as an admission of liability or fault by any Party or an admission that any meritorious claims may exist against any Party. This Agreement shall not be used for any purpose other than to establish the time period in which claims must be brought or claims or defenses asserted.

5. This Agreement contains and constitutes the entire Agreement between the Parties concerning the matters addressed in it and shall not be modified except by a writing executed by all Parties.

6. This Agreement shall be binding on and inure to the benefit of all Parties, their respective affiliates, agents, and employments, and their respective successors and assigns.

7. The Parties acknowledge that this Agreement is the product of joint drafting among them and hereby declare their intent that, if any provision of this Agreement be deemed ambiguous, such provision shall be construed equally against all Parties.

8. This agreement shall be governed by and construed in accordance with the laws of the State of California.

9. This Agreement may be executed in counterparts that, taken together, shall constitute one and the same agreement and shall be effective on the Effective Date. This Agreement may be signed via docusign and the electronic signatures will have the same force and effect as handwritten signatures.

Dated: June 4, 2024        Lebe Law, APLC

By:    /s/ Brielle D. Edborg
       Jonathan M. Lebe
       Melissa M. Kurata
       Brielle D. Edborg

Attorneys for Plaintiff

Dated:  June 4, 2024       Baker & Hostetler LLP

By:    /s/ Matthew J. Goodman
       Sabrina L. Shadi
       Nicholas D. Poper
       Matthew J. Goodman

Attorneys for Defendant

5
**TOLLING AGREEMENT AND STIPULATION TO CONTINUE DEFENDANT'S RESPONSIVE PLEADING DEADLINE**

# ORDER

Pursuant to the Parties' Joint Stipulation to continue Defendant's responsive pleading deadline and good cause appearing, the Court hereby GRANTS the Parties' request to extend Defendant's responsive pleading deadline until November 8, 2024.

**IT IS SO ORDERED.**

Dated: 6/17/2024

*Haywood S. Gilliam Jr.*
Honorable District Judge
Haywood S. Gilliam, Jr.